IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 28, 2018

**STATE OF TENNESSEE v. WILLIAM LEWIS REYNOLDS**

Appeal from the Circuit Court for Giles County
No. 12478, 10519, 12790, 13020  Russell Parkes, Judge

_____

**No. M2017-01857-CCA-R3-CD**

_____

The Defendant, William Lewis Reynolds, appeals the trial court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 in which he challenged his guilty-pled conviction for the sale of cocaine and resulting sentence of twelve years as a Range III, persistent offender, at 60%. Upon reviewing the record and the applicable law, we affirm the judgment of the trial court. However, we remand the judgment to the trial court for entry of a corrected judgment reflecting the convicted offense of sale of less than .5 grams of cocaine.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;
Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

William Lewis Reynolds, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Brent A. Cooper, District Attorney General; and Jonathan Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 10, 2014, the Defendant was indicted for the sale of less than .5 grams of cocaine in a school zone, a Class B felony. *See* T.C.A. §§ 39-17-417(c)(2)(A), 39-17-432(b)(1). On November 3, 2015, the Defendant entered into a negotiated plea

agreement whereby he agreed to plead guilty to the sale of less than .5 grams of cocaine, a Class C felony, and to serve a sentence of twelve years as a Range III offender at 60%. Pursuant to the plea agreement, the Defendant's twelve-year sentence was to run consecutively to his twelve-year sentence for another drug conviction. *See* T.C.A. § 39-17-417(c)(2)(A).

The judgment reflects that the Defendant's indicted offense as the sale of less than .5 grams of cocaine as a Class B felony and his convicted offense as the sale of .5 grams or more of cocaine as a Class B felony. The judgment sets forth the Defendant's sentence and provides under the Special Conditions section that "[t]he defendant is agreeing to plea outside the range. It is a total sentence of 12 years to be served as range III with 60% eligibility." A knowing and voluntary plea waives any irregularity as to offender classification or release eligibility. *Hicks v. State*, 945 S.W.2d 706 (Tenn. 2000)."

Shortly after entering the plea, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. While the appellate record does not include the Defendant's motion, it does include the trial court's order entered on February 9, 2016, denying the motion. The trial court found that the judgment was correct and consistent with the plea agreement. While the trial court acknowledged that the back of the indictment included a clerical error erroneously listing the indicted offense as a Class C felony rather than a Class B felony, the trial court found that the body of the indictment correctly described the charge as a Class B felony since the offense occurred in a school zone and that the Defendant's guilty plea and the judgment cured any clerical error in the indictment. The Defendant did not appeal the trial court's denial of his motion.

The Defendant also filed a petition for writ of error coram nobis in which he maintained that his sentence was imposed in direct contravention to Tennessee Code Annotated section 39-17-417(a)(3) and (c)(2)(A). The habeas corpus court dismissed the petition, and this court affirmed the dismissal on appeal. *See William Reynolds v. Cherry Lindamood, Warden*, No. M2016-01312-CCA-R3-HC, 2016 WL 6581927, at *3 (Tenn. Crim. App. Nov. 7, 2016).

On May 23, 2017, the Defendant filed a second Rule 36.1 motion to correct an illegal sentence in which he asserted that his guilty plea was not knowingly and voluntarily entered because he pleaded guilty to a greater amount of cocaine than what was initially charged. The Defendant also alleged that the sale of cocaine did not occur within a school zone based on a Google Maps search that he attached to the motion.

On September 6, 2017, the trial court entered an order dismissing the Defendant's motion. The trial court found that the Defendant raised his claims in a prior Rule 36.1 motion, which the trial court denied. The Defendant filed a timely notice of appeal.

## ANALYSIS

The Defendant contends that the trial court erred in dismissing his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. As an initial matter, we note that the Defendant failed to attach the documents related to his previous Rule 36.1 motion to the motion that is the subject of this appeal and failed to state satisfactory reasons for his failure to do so. *See* Tenn. Crim. P. 36.1(a)(1) (requiring that the movant attach a copy of any previous Rule 36.1 motion and its disposition or state satisfactory reasons for the failure to attach the copies). The Defendant's prior motion is particularly important in this case because the trial court found that the Defendant raised the same claims in both his prior Rule 36.1 motion and the motion subject to this appeal.

Regardless, we conclude that the Defendant failed to establish a colorable claim for Rule 36.1 relief and, therefore, the trial court properly dismissed the motion. Whether a motion states a colorable claim under Rule 36.1 is a question of law reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015). A colorable claim is a claim "that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. Rule 36.1 provides a mechanism for correcting a sentence which is illegal, and "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and actually mirrors, the definition this Court has applied to that term in the habeas corpus context." *State v. Brown*, 479 S.W.3d 200, 209 (Tenn. 2015) (citing *Wooden*, 478 S.W.3d 585). An illegal sentence is one that directly contravenes an express statutory provision or is not authorized by the applicable statutory scheme. *Wooden*, 478 S.W.3d at 594.

The Defendant asserts that the State failed to provide him a map of the location of his offense in relation to the school zone in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The Defendant, however, waived his claim of a *Brady* violation by failing to raise it in his Rule 36.1 motion filed in the trial court. *See Robert Winters v. State*, No. E2015-00268-CCA-R3-CD, 2015 WL 5692145, at *2 (Tenn. Crim. App. Sept. 29, 2015) (holding that an issue is waived if it is not raised in a Rule 36.1 motion filed in the trial court). Furthermore, a *Brady* claim is not cognizable under Rule 36.1 because such a claim is "merely an attack on his conviction, which would not affect the legality of his sentence." *State v. Thomas Edward Kotewa*, No. E2015-02111-CCA-R3-CD, 2016 WL 4943379, at *1 (Tenn. Crim. App. Sept. 15, 2016).

- 3 -

The Defendant next maintains that the indictment was insufficient because it charged him with the sale of less than .5 grams of cocaine within a school zone rather than the sale of .5 grams or more of cocaine within a school zone. The Defendant's argument appears to be based upon his mistaken belief that his convicted offense is for the sale of .5 grams or more of cocaine as reflected in his judgment. However, the plea agreement reflects that the Defendant pleaded guilty to the sale of less than .5 grams of cocaine. The judgment reflecting otherwise is a clerical error, which we direct the trial court to correct on remand.

We recognize that this court previously has held that the Defendant entered a guilty plea to the sale of .5 grams or more of cocaine and that, in doing so, the Defendant consented to an amendment of the original indictment. *See William Reynolds*, 2016 WL 6581927, at *3. However, the appellate record in the Defendant's appeal from the denial of habeas corpus relief did not include a copy of the plea agreement or a transcript of the plea colloquy. *See id.* The appellate record in the present case includes a copy of the plea agreement, which reflects that the Defendant entered a plea agreement to the sale of less than .5 grams of cocaine. While the Defendant claims that his guilty plea was not knowingly and voluntarily entered, such a claim is not a basis for relief under Rule 36.1. *See Thomas Edward Kotewa*, 2016 WL 4943379, at *1.

Finally, the Defendant asserts that his sentence, which allows him to be eligible for parole after serving 60% of his sentence in confinement, is illegal because it contravenes Tennessee Code Annotated section 39-17-432(c) and (d), which requires that a defendant convicted of a drug offense in a drug-free school zone serve at least the minimum sentence before he or she is eligible for parole. However, the Defendant did not enter a guilty plea to a drug offense in a drug-free school zone and, therefore, was not subject to the provisions in section 39-17-432. Even if the Defendant established that this aspect of his sentence was illegal, the illegality was to his benefit. *See* Tenn. R. Crim. P. 36.1(c)(3)(B) (directing the trial court to deny a defendant's motion when the conviction was pursuant to a guilty plea and "the illegal aspect was to the defendant's benefit").

## CONCLUSION

Upon reviewing the record and the applicable law, we affirm the judgment of the trial court. We remand for entry of a corrected judgment reflecting the Defendant's convicted offense of the sale of less than .5 grams of cocaine, a Class C felony.

_____
JOHN EVERETT WILLIAMS, JUDGE

- 4 -